BENJAMIN LEVISON, Substituted in Place and Stead of MARION R. TASMAN, as a Taxpayer of the Village of Nyack, Appellant, v. RAYMOND L. TAYLOR, as Mayor of the Village of Nyack, ROBERT SCHMITT and Others, Constituting the Board of Trustees of the Village of Nyack, GEORGE WILLIAMS, as Treasurer of the Village of Nyack, WILLIAM P. BUGBEE, as Village Clerk of the Village of Nyack, and WILLIAM F. RUPPERT and the VILLAGE OF NYACK, Respondents.— This is a taxpayer's action brought under section 51 of the General Municipal Law to restrain the board of trustees of the village of Nyack and other officers from paying any salary to William F. Ruppert, as chief of police of the village of Nyack, on the ground that his appointment was illegal and invalid. Judgment for defendants reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. The finding that the petition presented to the trustees did not contain a sufficient number of qualified voters is against the weight of the evidence. Undoubtedly on the new trial the proof will be clear and convincing one way or the other. For the purpose of granting a new trial all findings of fact are reversed and the conclusions of law are disapproved. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

GEORGE MATAROZZO, Respondent, v. EDWARD EHRBAR, INC., Appellant.— Motion by plaintiff for a preference of the trial of his action on the ground of destitution. Order granting such preference affirmed, with twenty-five dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

FRANK RABINOWITZ, an Infant, by SAM RABINOWITZ, His Guardian ad Litem, and SAM RABINOWITZ, Appellants, v. FEDERATED FAT Co., INC., and CHARLES ANOLICK, Respondents.— Action by son and father, the son to recover damages for personal injuries, the father to recover for medical expenses and loss of services. Plaintiffs alleged that the infant plaintiff, while standing on the sidewalk, was struck by defendants' motor truck as it crossed the sidewalk to enter a garage. The defense was that the infant plaintiff, unknown to the driver and for the purpose of stealing a ride, jumped on the step of the truck and was crushed between it and the wall as it entered the garage. Judgment in favor of defendants, entered on the verdict of the jury, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.